CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 11 2014
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LESTER C. WELLS, | ) | CASE NO. 7:14CV00048 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| JUSTIN MIRRETT, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Lester C. Wells, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Wells sues Justin Mirrett, alleging that while Wells was incarcerated at the Danville City Jail in April of 2013, someone kicked and broke Plaintiff's jaw in two places. Upon review of the record, the court finds that the § 1983 action must be summarily dismissed without prejudice.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The plaintiff must demonstrate that the conduct causing the alleged constitutional violation is "fairly attributable to the State," so as to qualify as "acting

under color of state law" (also known as "state action"). Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Plaintiff must state facts showing that his alleged injury was caused "by a person for whom the State is responsible," someone "who may fairly be said to be a state actor"– a state employee or someone who "has acted together with or has obtained significant aid from state officials," or someone whose "conduct is otherwise chargeable to the State." Id.

Wells fails to state facts demonstrating that the person who allegedly broke his jaw in April of 2013 was "acting under color of state law" so as to be subject to suit under § 1983. Wells does not allege that the defendant is a jail employee, that he obtained significant aid or acted jointly with state officials, or that his conduct is, in any way, attributable to the state when an unidentified person broke Wells' jaw. Because Wells thus fails to allege facts supporting the "state actor" element of his purported § 1983 claim, that claim must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day.

ENTER: This 11th day of February, 2014.

Senior United States District Judge